UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARILYN VAZQUEZ and her sons
JACK G. VAZQUEZ, a minor and
JOSE A. SANTANA, a minor,

           Plaintiffs,

vs.                                       Case No. 8:06-CV-1885-T-27TBM

LOWE'S HOME CENTERS, INC.,

           Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion to Amend and Subsequent Motion for Remand to State Court (Dkt. 13) and Defendant's Response (Dkt. 15). Upon consideration, Plaintiffs' motions to amend and to remand are **DENIED**.

Plaintiffs, Marilyn Vazquez and her two minor sons, initiated this action against Lowe's Home Centers, Inc. ("LHC") in the Thirteenth Judicial Circuit for Hillsborough County alleging LHC negligently maintained its property in a manner that caused Vazquez to fall and injure herself. Vazquez's minor sons allege consortium claims pursuant to Florida Statute, § 768.0415. (Dkt. 2). LHC removed the case to this Court asserting diversity jurisdiction. (Dkt. 1). Plaintiffs presently seek to add John Doe and George Doe as defendants (collectively the "Doe defendants"). Both Doe defendants are allegedly employees of LHC and are residents of Florida. (Dkt. 12).[1] Plaintiffs seek to add negligence claims against the Doe defendants and in turn, move to remand the case to state

---

[1] Plaintiffs proposed Second Amended Complaint was filed separately. (Dkt. 12).

1

court because the non-diverse Doe defendants divest the Court of diversity jurisdiction. (Dkt. 13).

In determining whether joinder of a non-diverse defendant should be permitted after removal, a district court must balance the equities involved. *See Hughes v. Promark Lift, Inc.*, 751 F. Supp. 985, 987 (S.D. Fla. 1990). Factors to be considered are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *See Jarriel v. General Motors Corp.*, 835 F. Supp. 639, 641 (N.D. Ga. 1993). Upon consideration of these factors, the district court has two options: (1) deny joinder; or (2) permit joinder and remand the case to state court. *See Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir. 1998); 28 U.S.C. § 1447(e).[2]

In consideration of the above factors, this Court concludes that Plaintiffs should not be permitted to add the Doe defendants. From the face of the complaint, it is apparent that Vasquez knew of the Doe defendants at the time the incident occurred. The fact that Plaintiffs seek to add the non-diverse defendants only after LHC removed the case to federal court "strongly indicates that the purpose of the [Plaintiffs] amendment is to defeat federal jurisdiction." *Smith v. White Consolidated Indust., Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002) (citations omitted).

Further, Plaintiffs have not demonstrated that they would be significantly injured if the amendment is not allowed. In determining whether a plaintiff would be prejudiced by not permitting the amendment, the court should consider whether the diversity destroying defendants

---

[2] 28 U.S.C. §1447(e) provides:
> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

are "indispensable" to Plaintiff's case pursuant to Fed. R. Civ. P. 19. LHC correctly argues that the Doe defendants are not "indispensable" parties. Plaintiffs are not prohibited from bringing negligence actions against them in state court. Moreover, in considering the equities the parties are not on "equal footing." *Smith*, 229 F. Supp. 2d at 1282. "This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Id*. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist." *Id*.

This Court, therefore, concludes that the relevant factors and equities weigh in favor of denying Plaintiffs' motion to amend. This case shall remain in federal court. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Amend and Subsequent Motion for Remand to State Court (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** in chambers this ___11th___ day of January, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record